**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lauren N Ainsworth,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-23-08625-PCT-DWL<br><br>**ORDER** |

This is a Social Security appeal. On December 21, 2023, the Court referred the matter to Magistrate Judge Fine for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 12.) On June 5, 2024, Judge Fine issued an R&R concluding that the ALJ's decision should be reversed and that the matter should be remanded for further proceedings. (Doc. 22.) Afterward, Plaintiff filed timely objections to the R&R, arguing that the proper remedy is a remand for calculation of benefits. (Doc. 23.) The Commissioner, in turn, filed a reply arguing that the R&R should be affirmed. (Doc. 24.)

For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and this matter is remanded for further proceedings.

## DISCUSSION

I.     <u>Legal Standard</u>

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for

the disposition" of a dispositive matter. *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006).

…

…

II.     Relevant Background

    A.     **The ALJ's Decision**

In the underlying decision, the ALJ acknowledged that Plaintiff had the severe impairments of "multiple sclerosis (MS); headaches; obesity; neuropathy; Lyme Disease." (AR at 27.)

When formulating Plaintiff's RFC, the ALJ declined to fully credit Plaintiff's symptom testimony. (*Id.* at 30-33.) The ALJ also evaluated the opinions of an array of medical sources. (*Id.* at 33-37.) Many of those sources offered opinions that were inconsistent with Plaintiff's claim of disability. For example, one consultative examiner (Dr. Gordon) opined that Plaintiff's physical "conditions do not result in any functional restrictions"; another consultative examiner (Ana Symond, PA) opined that Plaintiff "would not have any related physical restrictions lasting 12 continuous months"; a state agency mental health consultant (Dr. Franco) "found no evidence of any medically determinable mental impairments"; another state agency mental health consultant (Dr. Friedland) "reviewed the medical evidence on redetermination and found [Plaintiff's] mental impairments nonsevere"; and yet another consultative examiner (Dr. Gill) "opined [Plaintiff] did not have any mental limitations lasting 12 continuous months." (*Id.* at 34-35.) Although the ALJ concluded that some of those opinions were only "partially persuasive," the ALJ deemed the opinions of both Dr. Friedland and Dr. Gill "persuasive." (*Id.*) The ALJ also evaluated the more-restrictive opinions of two of Plaintiff's treating providers, Dr. Grout and Dr. Malczak, but deemed their opinions "not persuasive" for various reasons. (*Id.* at 35-36.)

    B.     **Plaintiff's Appeal**

In her opening brief, Plaintiff raised two assignments of error: (1) the ALJ provided insufficient reasons for discrediting the opinions of Dr. Malczak; and (2) the ALJ provided insufficient reasons for discrediting her symptom testimony. (Doc. 18 at 1.) The Commissioner, in turn, "concede[d] the ALJ erred in analyzing whether the opinion of Paul Malczak, D.O., was persuasive" but argued that the proper remedy was a remand for

calculation of benefits because "further proceedings are needed for the ALJ to re-evaluate the persuasiveness of this and other assessed limitations in Dr. Malczak's opinion in comparison with the record and determine if any changes are warranted to the RFC." (Doc. 20 at 5-6.)

C. **The R&R**

Judge Fine accepted the Commissioner's concession of error concerning Dr. Malczak (Doc. 22 at 5-9) and also concluded that "the ALJ did not provide sufficient clear and convincing reasons supported by substantial evidence to discount Plaintiff's testimony" (*id.* at 9-21).

As for the scope of remand, Judge Fine concluded that the credit-as-true rule was inapplicable, and that the remand should be for further proceedings, because "[a]lthough the ALJ failed to give legally sufficient reasons to reject Dr. Malczak's opinion, further administrative proceedings would be useful to resolve ambiguities and conflicts. Notably, Dr. Malczak opined greater limitations than the state agency consultants and consultative examiners whose opinions the ALJ found partially or fully persuasive, and whose opinions were incorporated into Plaintiff's RFC. Given the conflicts amidst these opinions, as well as the ALJ's departure from Dr. Malczak's opined limitations in formulating Plaintiff's RFC, remand for further proceedings is appropriate." (*Id.* at 22-23.) Judge Fine continued:

> Remand for further proceedings is also appropriate regarding Plaintiff's symptom testimony. Although the ALJ failed to provide legally sufficient reasons to discount Plaintiff's symptom testimony, further administrative proceedings would also be useful to resolve conflicts between Plaintiff's symptom testimony and the evidence of record. For instance, at Plaintiff's 2019 consultative exam, Plaintiff denied significant impacts on her activities of daily living; could stand, walk to, and get onto the exam table without assistance or difficulty; demonstrated appropriate balance and normal gait; had normal strength and tone in her arms, legs, and grip; and had no apparent difficulty with fine motor skills. At Plaintiff's 2020 consultative exam, Plaintiff again denied significant impacts on her daily activities; had no difficulty transferring to the exam table; had appropriate balance; had normal strength, tone, and grip, aside from 4/5 strength in the left leg; and only had some difficulty screwing a nut onto a bolt with her left hand. The consultative exam findings are contrary to Plaintiff's function report and

> hearing testimony regarding vertigo, difficulty walking straight, poor balance, limited use of her hands, and decreased motor skills. Various treating providers also observed normal motor strength and sensation, aside from occasional decreased strength in the hands and the upper arms and some decreased sensation in the feet and left face. Given these conflicts, doubt remains as to whether Plaintiff is disabled, and the Court retains discretion to remand for further proceedings.

(*Id.* at 23.)

### D.  **Plaintiff's Objections**

Plaintiff objects to the R&R's recommended remedy of a remand for further proceedings, arguing that the Court should instead remand for calculation of benefits. (Doc. 23.) According to Plaintiff, "[t]he R&R's purported conflicts do not amount to significant factual conflicts to support remanding for further proceedings over remand for calculation of benefits." (*Id.* at 5.) More specifically, Plaintiff first argues that "conflicting medical opinions exist in every Social Security case and if the mere existence of conflicting medical opinions amounted to a significant factual conflict there would be no cases where the Court remanded for an immediate calculation of benefits, which is simply not the state of case outcomes in the Ninth Circuit." (*Id.* at 6.) As for her symptom testimony, Plaintiff offers various explanations for the purported discrepancies identified in the R&R. (*Id.* at 6-7.)

In response, the Commissioner argues that the proper remedy, as noted in the R&R, is a remand for further proceedings. (Doc. 24.) More specifically, the Commissioner argues that "[c]ontrary to Plaintiff's arguments, the R&R identified significant factual conflicts between Plaintiff's testimony and the record" and that "Plaintiff's contention that conflicts between medical opinions exist in 'every' Social Security case fails to acknowledge the Magistrate Judge's specific finding that not only did a conflict exist between the opinion of Paul Malczak, D.O., and the State agency medical consultants and consultative examiners, the ALJ's RFC departed from Dr. Malczak's opined limitations, which made further proceedings appropriate." (*Id.* at 4-5.) The Commissioner also argues that Plaintiff's attempts to discount the opinions of non-treating medical sources are

contrary to the new SSA regulations promulgated in 2017.  (*Id.* at 5.)

III.     Analysis

Having conducted the required *de novo* review, the Court agrees with Judge Fine that the proper remedy here is a remand for further proceedings.  "The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  As the Ninth Circuit has clarified in recent opinions, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."  *Id.  See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

On the merits, "[t]he credit-as-true rule has three steps.  First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.  Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful.  And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law.  Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion."  *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up).  A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled."  *Leon*, 880 F.3d at 1048.  *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy.  We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.") (cleaned up).

The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the R&R's determinations (which the Commissioner has not challenged) that the ALJ failed to provide legally sufficient reasons for discrediting the opinions of Dr. Malczak and for discrediting Plaintiff's symptom testimony, step two is not satisfied. As noted in the R&R, the ALJ must still resolve significant conflicts between Dr. Malczak's opinions and the less-restrictive opinions of several other medical sources (some of which the ALJ deemed fully persuasive), and there are also significant seeming conflicts between Plaintiff's symptom testimony and other evidence in the record that the ALJ should address in the first instance. The Court agrees with the R&R that further proceedings would be useful to address these unresolved issues.

Alternatively, even if step two were satisfied, the Court would decline to remand for an award of benefits because it harbors serious doubt as to whether Plaintiff is disabled. As noted, several medical sources whom the ALJ deemed "persuasive" opined that Plaintiff did not have disabling limitations.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (Doc. 23) are **overruled**.

(2) The R&R (Doc. 22) is **adopted**.

(3) The decision of the ALJ is **reversed** and this matter is **remanded for further proceedings**.

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of July, 2024.

Dominic W. Lanza
United States District Judge